TODRICK W. ARRINGTON, JR.        :     IN THE COURT OF COMMON PLEAS
                                           :     OF ERIE COUNTY, PENNSYLVANIA
        Plaintiff              :
                                           :
       v.                       :     CIVIL ACTION – LAW
                                         :
CITY OF ERIE POLICE DEPARTMENT,  :
MATTHEW J. GUSTAFSON; JERRY     :
STEVENS; ERIE COUNTY PROBATION  :    NO. *11363* - 2022
OFFICE; ALEX KISSELL; ASHLEY       :
CLARK; ERIE COUNTY DISTRICT      :
ATTORNEY'S OFFICE; EMILY         :
DOWNING; KHADJA HORTON; ERIE    :
COUNTY PRISON; JOHN DOES (ERIE   :
COUNTY PRISON GUARDS); VICTORIA  :
HERMANN

        Defendants

TO:    City Of Erie Police Department, Matthew J. Gustafson; Jerry Stevens; Erie County
Probation Office; Alex Kissell; Ashley Clark; Erie County District Attorney's Office; Emily
Downing; Khadja Horton; Erie County Prison; John Does (Erie County Prison Guards); Victoria
Hermann

### N O T I C E TO DEFEND

      YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS
SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20)
DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN
APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT
YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE
WARNED THAT IF YOU FAIL TO DO SO, THE CASE MAY PROCEED WITHOUT YOU AND A
JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE
FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF
REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE
A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH

BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP.] THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers Referral Service
302 West 9th Street
Erie, PA 16502
(814) 459-4411

PENTZ LAW

Peter A. Pentz, Esquire, Attorney for the Plaintiff

TODRICK W. ARRINGTON, JR.          :    IN THE COURT OF COMMON PLEAS
                                   :    OF ERIE COUNTY, PENNSYLVANIA
          Plaintiff                :
                                   :
     v.                            :    CIVIL ACTION – LAW
                                   :
CITY OF ERIE POLICE                :
DEPARTMENT, MATTHEW J.             :
GUSTAFSON; JERRY STEVENS;          :    NO.              - 2022
ERIE COUNTY PROBATION              :
OFFICE; ALEX KISSELL; ASHLEY       :
CLARK; ERIE COUNTY DISTRICT        :
ATTORNEY'S OFFICE; EMILY           :
DOWNING; KHADJA HORTON;            :
ERIE COUNTY PRISON; JOHN           :
DOES (ERIE COUNTY PRISON           :
GUARDS); VICTORIA HERMANN          :

          Defendants

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Todrick Arrington, by and through his counsel, Peter A.

Pentz, and Pentz Law, and files the following Complaint against defendants, averring as follows:

### 1. The Parties

1.    The Plaintiff, Todrick Willis Arrington is an individual residing at 2614 Perry

Street Erie, PA 16503.

2.    City of Erie/City of Erie Police Department is a municipal entity that operates a

police department in the City of Erie with headquarters located at 626 State Street Erie, Pa

16501.

3.    Matthew J. Gustafson at all relevant times was a detective for the City of Erie

police department and resided at 3210 Marvin Avenue Erie, PA 16504.

4.    Defendant Jerry Stevens at relevant times was a police officer for the City of Erie

Police Department and resided at 1201 Amy Avenue Erie, PA 16504.

5.      Erie County Probation Office is a municipal entity overseen by the Erie County (Pennsylvania), with an office location of 140 W 6th Street #306 Erie, PA 16501.

6.      Alex Kissel, at relevant times, was an individual employed as a parole agent for the Erie County Probation Office and resided at 415 Dunn Blvd. Erie, PA 16507.

7.      Ashley Clark, at relevant times, was an individual employed as a parole agent supervisor for the Erie County Probation Office and resided at 3109 West 23rd Street, Erie, PA 16506

8.      Erie County District Attorney is a government entity existing under Erie County with a main office at 140 W 6th Street, Suite 506 Erie, PA 16501.

9.      Emily Downing, at relevant times, was an assistant district attorney for the Erie County District Attorney's office and resided at 241 West Front Street Apt. 12, Erie, PA 16507 Erie, PA.

10.     Khadija Horton at relevant times was an assistant district attorney employed by the Erie County District Attorney's Office and residing at 1656 West Grandview Blvd, Erie, PA 16509.

11.     Erie County Prison is a government entity with a principal location at 1618 Ash Street Erie, PA 16503.

12.     John Does are unidentified guards in the Erie County Prison.

13.     Victoria Hermann, at relevant times, was employed as an Assistant Public Defender and resided at 741 Clifton Drive, Erie, PA 16505.

## 2. Factual Background

14.    Plaintiff Arrington on or about May 30, 2020 was an individual residing and employed in Erie County and on probation through the Erie County Probation Office. Mr. Arrington's probation had commenced on or about May 22, 2020.

15.    Plaintiff Arrington's parole agent as assigned by the Erie County Probation Office was Alex Kissel.

16.    On May 30, 2020 in the City of Erie, at or near Perry Square, a peaceful protest/march was held in connection with Black Lives Matter. This march or gathering resulted in hundreds of people walking a designated route before concluding the march at Perry Square. Apparently, at some point after the march, members of a crowd in the area became disruptive and caused damage to various property in downtown Erie.

17.    City of Erie Police were present at this protest/march and in various ways interacted and engaged with the protesters. Apparently during this protest, or sometime prior to May 31, 2020, three double parking meters located on the 600 block of State Street were knocked over and dislodged from their bases.

18.    Plaintiff Arrington was not present at the Black Lives Matter rally held on May 30, 2020 and was not anywhere in the area of the 600 block of State Street on either May 30 or May 31, 2020.

19.    Instead, Plaintiff Arrington, at all relevant times on May 30, 2020 and May 31, 2020 was at a family member's house where he was them residing, at 628 East 24th Street, Erie, PA and throughout this time was with a friend, Daeojzhanae Nobel.

20.    Apparently, Defendant Gustafson, on May 31, 2020, was assigned by the City of Erie Police Department to investigate the damage to parking meters that occurred on or about May 30, 2020.

21.    At some point defendant Gustafson viewed a social media video posted by Tyquan Young (hereinafter "Young video."). The audio of the posted Young video includes a loud noise after which the person recording the video rotates the camera quickly to briefly show a black male with a COVID mask on his face, wearing a green hoodie and "camo pants."

22.    The Young video does not show what caused the audible noise on the audio, does not show a damaged parking meter(s), and does not show if or how the parking meter(s) in question were damaged or who caused the damage.

23.    Defendant Gustafson apparently during his investigation, also viewed a video taken earlier in the day on May 30, 2020 which showed hundreds of individuals walking across South Park Row on State Street during the Black Lives Matter march of May 30, 2020. Defendant Gustafson referred to the video as coming "from our vice department" (hereinafter referred to as "vice video.")

24.    Defendant Gustafson claimed that the masked individual briefly seen in the Young video was also the same person present on the vice video from several hours earlier but without a mask on.

25.    Defendant Gustafson claims to have made a still photo from the vide video of the individual in question and sent it to all sworn police personnel in an attempt to identify the person.

26.    In response to defendant Gustafson's inquiry, defendant Stevens allegedly responded by emailing defendant Gustafson and indicating that "he believed the individual [pictured] to be Todrick Arrington Jr." No basis or explanation was given as to how this identification was made.

27.     Defendant Gustafson allegedly then contacted Erie County Probation Office and Agent Kissel to ask whether the person in the still photo was Mr. Arrington. Defendant Kissel allegedly replied that "he believed it was [Arrington]."

28.     Defendant Kissel then allegedly asked his supervisor, Ashley Clark, who had no knowledge of the plaintiff's appearance, to confirm that the person in the still photo was Mr. Arrington. Apparently defendant Clark somehow confirmed that the person pictured was Mr. Arrington.

29.     Plaintiff Arrington has a tattoo of a crown clearly visible on the top of his right hand and wrist and Mr. Arrington had this tattoo at all relevant times including from at least 2018 and throughout 2020. Any individual who had any actually met with the plaintiff, including his parole officer, would have been aware of the existence of the tattoo due to its obviousness and the fact that it is not covered by any clothing or otherwise restricted from view.

30.     The individual pictured in the still photo from the vice video clearly does not have any tattoo on his right hand.

31.     Defendants Gustafson, Stevens, Kissel, and Clark either were not familiar enough with Plaintiff to identify him as the person pictured in the still photograph, or in the alternative, falsely identified Arrington as the person pictured knowing that this was inaccurate.

32.     Defendant Gustafson used the clearly mistaken identification as an allegation in the Affidavit of Probable Cause which led to warrant of arrest being issued for Plaintiff Arrington on or about June 4, 2020.

33.     Plaintiff Arrington was arrested on or about July 2, 2020 by four city of Erie Police Officers while he was sleeping and was immediately taken into custody.

34.     After being arrested and taken into custody by the Erie County Police Department, the Plaintiff Arrington was transported to Erie County Prison at which time prison personnel asked plaintiff, without any prompting by plaintiff, about the Black Lives Matter protest and at least one prison guard laughed about the questionable identification of the plaintiff in the vice or Young video. Thus, even prior to being processed and taken into custody it was clear prison personnel were already aware of the allegations and factual scenario that led to Arrington's arrest.

35.     Plaintiff Arrington protested his innocence, specifically indicating that he was not the person in the photo and further, that he had an alibi witness. For over one year thereafter, plaintiff repeatedly protested his innocence by letter and otherwise, by specifically pointing out that the video evidence and the alibi witness should exonerate him. These communications were completely ignored by Erie County Prison, City of Erie Police Department, and Erie County District Attorney's Office.

36.     In addition, the Plaintiff's sister, Toni Arrington, repeatedly communicated with representations of each of the defendants in an effort to establish the misidentification of her brother.

37.     During the course of his imprisonment, Plaintiff Arrington produced alibi witness statement, photographs of his tattoo and other exculpatory evidence, all of which were ignored by Defendants.

38.     A public defender, Victoria Hermann was assigned to Mr. Arrington's defense and during a preliminary hearing, ignored the statements of her client and instead, inexplicably appeared to concede that the person in the still photograph was plaintiff.

39    As a result of failure to properly investigate and ignoring exculpatory evidence resulted in Mr. Arrington being incarcerated prior to trial from on or about 7/2/20 to on or about 8/13/21.

40.    Plaintiff Arrington then hired a private attorney, Michael Harmon, Esquire, who likewise pointed out, to the district attorney's office, the mistaken identity, the alibi witness and the other exculpatory evidence, all of which the district attorney's office again ignored and refused to consider.

41.    Instead, the Erie District Attorney's Office proceeded with a trial after plaintiff Arrington refused to plea to offenses that he did not commit.

42.    Shortly before the criminal trial began, this matter was reassigned from defendant Downing to defendant Horton, a black assistant district attorney, who was not previously involved in the case. Defendant Horton informally indicated to Plaintiff Arrington and his defense counsel that she was "simply doing her job" and implied that there may have been a misidentification.

43.    Plaintiff Arrington underwent criminal trial in August 2021 during which time the exculpatory evidence was submitted and the district attorney's office, police officers, and other defendants provided no evidence contradicting the misidentification of the defendant. As a result of the trial the plaintiff was acquitted on all charges.

44. During his detention from July 2020 to August 2021 at the Erie County Prison, Plaintiff Arrington was mistreated and exposed to cruel and unusual punishment while in the custody of the Erie County Prison. In particular, Mr. Arrington was placed in a cell with a violent and known racist criminal and despite Mr. Arrington's pleas for his safety, Mr. Arrington was

required to remain in the cell with this inmate which, as expected, resulted in the plaintiff being assaulted repeatedly.

45.     In addition, during his detention the Plaintiff began to suffer severe physical and mental problems which were ignored by the Erie County Prison personnel. Eventually when a medication was prescribed to address Mr. Arrington's mental condition that medication was later inexplicably discontinued by the Erie County Prison without a medical basis.

## COUNT I – SECTION 1983 VS. DEFENDANTS GUSTAFSON AND STEVENS

46.     Paragraphs 1 through 45 are hereby incorporated herein by reference as if fully set forth.

47.     Defendants Gustafson and Stevens had a duty, when acting under color of law, to act in a manner that did not violate Plaintiff's constitutional rights guaranteed under 42 USCA Section 1983 and the United States Constitution including the 4th and 14th Amendments.

48.     Defendants Gustafson and Stevens breached that duty, under color of state law, by acting in a manner without lawful justification, intentionally, maliciously and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences for their acts. These acts were in the nature of:

        a.     Fabricating and/or manufacturing evidence to obtain an arrest warrant against Plaintiff;

        b.     Fabricating and/or manufacturing evidence which led to Plaintiff's arrest and Plaintiff being accused of a crime;

        c.     Knowing that the person pictured in the Young video and vice video that formed the basis for the arrest warrant was not Plaintiff and/or failing to take the necessary steps to determine that it was not the plaintiff pictured;

      d.      Knowing and/or learning that the person pictured in the video was not the Plaintiff and yet refusing to provide this exculpatory evidence to Plaintiff or the court system;

      e.      Knowing or by the exercise of reasonable investigation learning that the Young video did not show either the commission of a crime or that any individual on the video was connected with a crime;

      f.      Withholding evidence that would have or should have led to dismissal of charges against Plaintiff;

      g.      Allowing Plaintiff to be incarcerated for over one year despite knowing of his innocence; and

      h.      Encouraging probation officers and others to identify Plaintiff as person pictured in the video by leading questions and other inappropriate means.

49.      The actions by Defendants Gustafson and Stevens, including withholding, fabricating and concealing evidence, and failing to correct mistakes arising from that evidence constituted a knowing deception of the Court and others in violation of Plaintiff's due process rights that these actions go beyond a <u>Brady</u> violation.

50.      Defendant's actions as set forth above in breaching their duty to not act in a manner that violated the Plaintiff's constitutional rights resulted in and caused injury and damage to Plaintiff. Such damage includes:

      a.      Deprivation of liberty and other basic rights;

      b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

      c.      Psychological and emotional injuries;

d.     Costs of medical and psychiatric treatment;

e.     Loss of employment and wages;

f.     Extreme humiliation and embarrassment;

g.     Costs and expenses related to detention/incarceration;

h.     Loss of enjoyment and pleasure of life;

i.     Legal costs and fees in defense of Plaintiff's criminal case;

j.     Legal costs and fees incurred in Plaintiff's civil rights action; and

k.     Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against defendants Gustafson and Stevens, acting under the color of State Law, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT II – SECTION 1983 VS. CITY OF ERIE POLICE DEPARTMENT

51.     Paragraphs 1 through 50 are hereby incorporated herein by reference as if fully set forth.

53.     City of Erie Police Department had, in effect, actual and/or defacto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of individual Defendants in this case, including Defendants Gustafson and Stevens.

54.     City of Erie Police Department failed to properly train, supervise, or discipline its police officers, including but not limited to, Defendants Gustafson and Stevens concerning the correct practices in investigation of crimes, avoidance of racial profiling, proper assessment of probable cause, assembling and evaluating evidence to obtain an arrest warrant and an arrest, failing to share exculpatory evidence, and avoidance of improper and deficient police work.

55.     Defendant City of Erie, being aware that such lack of training, supervision and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

56.     Defendant City of Erie is aware of the persistent and substantial risk of improper detention of persons based on insufficient or incorrect warrant information and that effective training, supervision, and discipline would have lessened the likelihood of this occurrence. There are recurrent circumstances involved which create potential danger to the constitutional rights of citizens and are officially tolerated by Defendant City of Erie. Such policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's rights as guaranteed by 42 USCA Section 1983 and the 4th and 14th amendments of the United States Constitution.

56.     As a result of these actions, the Plaintiff suffered:

a.     Deprivation of liberty and other basic rights;

b.     Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.     Psychological and emotional injuries;

d.     Costs of medical and psychiatric treatment;

e.     Loss of employment and wages;

f.     Extreme humiliation and embarrassment;

g.     Costs and expenses related to detention/incarceration;

h.     Loss of enjoyment and pleasure of life;

i.     Legal costs and fees in defense of Plaintiff's criminal case;

j.     Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against defendant City of Erie, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

### COUNT III – FALSE ARREST AND IMPRISONMENT VS. DEFENDANTS GUSTAFSON, STEVENS AND CITY OF ERIE

57.     Paragraphs 1 through 56 are hereby incorporated herein by reference as if fully set forth.

58.     Defendants Gustafson, Stevens and City of Erie violated its duty to Plaintiff as a citizen by falsely arresting him without probable cause, and/or arresting him with a warrant that was obtained illegally.

59.     These improper actions of Defendants resulted in the Plaintiff's incarceration and imprisonment for over one year despite the fact that Plaintiff was improperly arrested without probable cause and with an arrest warrant had been obtained illegally

60.     As a result of the actions of Defendants in falsely arresting and imprisoning Plaintiff, Plaintiff suffered direct and proximate damages in the nature of:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Gustafson, Stevens and City of Erie, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.


**COUNT IV – SECTION 1983 VS. DEFENDANTS KISEL AND CLARK**

61.      Paragraphs 1 through 60 are hereby incorporated herein by reference as if fully set forth.

62.      Defendants Kisel and Clark, when acting under the color of state law, have a duty to act in a manner that does not violate Plaintiff's constitutional rights guaranteed under 42 USCA Section 1983 and the United States Constitution, including the 4th and 14th Amendments.

63.      Defendants Kisel and Clark breached that duty by acting under color of state law in a manner without lawful justification, intentionally, maliciously, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their actions. These actions were in the nature of:

a.      Falsely identifying Plaintiff as the person pictured in the photograph sent by Defendant Gustafson and thereby falsely accusing Plaintiff of a crime;

b.      Providing illegal and improper witness against Plaintiff without knowledge of accuracy of the statements provided and with full knowledge of the natural and probable consequences of their actions *i.e.* Plaintiff's arrest and incarceration;

c.      Participating in Defendants Gustafson and Steven's misidentification of Plaintiff when Defendants Kissel and Clark knew the same to be untrue or with the exercise of reasonable diligence would have known the same to be untrue, and thus, with deliberate indifference to the rights of Plaintiff;

d.      Knowingly providing misidentification of the Plaintiff with knowledge that this independent misidentification would support an arrest warrant leading to the arrest and incarceration of the Plaintiff for a crime he did not commit; and

e.      Failing to correct the misidentification at any point in time before Plaintiff's arrest or after Plaintiff's arrest and during his incarceration/detention.

64.     Defendants actions as set forth above caused injury and damage to Plaintiff. Such damage included:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

    i.       Legal costs and fees in defense of Plaintiff's criminal case;

    j.       Legal costs and fees incurred in Plaintiff's civil rights action; and

    k.       Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Kissel and Clark, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT V – SECTION 1983 VS. COUNTY OF ERIE

64.    Paragraphs 1 through 63 are hereby incorporated herein by reference as if fully set forth.

65.    Defendant County of Erie had, in effect, actual and/or defacto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of individual Defendants in this case including Defendants Kissel and Clark.

66.    County of Erie failed to properly train, supervise, or discipline its probation officers including Defendants Kissel and Clark regarding identification of perpetrators during crime investigations, providing evidence to City of Erie Police Department for purposes of obtaining arrest warrants and properly confirming identification and evidence used against individuals for such purposes.

67.    Defendant County of Erie, being aware that such lack of training, supervision and discipline leads to improper conduct by its employee parole officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

68.    Defendant County of Erie is aware of the persistent and substantial risk of improper detention of persons based on insufficient or incorrect warrant information and

effective training, supervision, and discipline would have lessened the likelihood such occurrences. There are recurrent circumstances involved which create potential danger to the constitutional rights of citizens and are officially tolerated by Defendant County of Erie. Such policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's rights as guaranteed by 42 USCA Section 1983 and the 4th and 14th Amendments of the United States Constitution.

69.    As a result of these actions, the Plaintiff suffered the following damages:

    a.    Deprivation of liberty and other basic rights;

    b.    Serious physical injury and damage including increased blood pressure and physical assault injuries;

    c.    Psychological and emotional injuries;

    d.    Costs of medical and psychiatric treatment;

    e.    Loss of employment and wages;

    f.    Extreme humiliation and embarrassment;

    g.    Costs and expenses related to detention/incarceration;

    h.    Loss of enjoyment and pleasure of life;

    i.    Legal costs and fees in defense of Plaintiff's criminal case;

    j.    Legal costs and fees incurred in Plaintiff's civil rights action; and

    k.    Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendant County of Erie, in an amount in excess of the arbitration limits and to

include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT VI – MALICIOUS PROSECUTION VS. DEFENDANTS DOWNING, HORTON, GUSTAFSON AND STEVENS

70.     Paragraphs 1 through 69 are hereby incorporated herein by reference as if fully set forth.

71.     Defendants Downing, Horton, Gustafson and Stevens maliciously prosecuted Plaintiff despite the knowledge that he had not perpetrated the crime in question and that not only was there no evidence of him being involved in the crime, but the evidence actually proved his innocence. These actions in maliciously prosecuting Plaintiff included the following:

     a.     Pursuing the prosecution despite knowledge of exculpatory evidence;

     b.     Failing to produce exculpatory evidence to the Court and to Plaintiff;

     c.     Allowing the Plaintiff to arrested, detained and incarcerated for over 1 year while awaiting a trial despite knowledge of his innocence;

     d.     Refusing to address and/or ignoring the evidence that Plaintiff was improperly arrested and improperly charged with a crime; and

     e.     Proceeding to trial with full knowledge of Plaintiff's innocence and/or without sufficient evidence to result in a conviction of Plaintiff.

72.     As a result of these acts and conduct of the Defendants, Plaintiff suffered direct and proximate injury and damage and suffered violation of his statutory and common law rights guaranteed by the laws and Constitutions of Pennsylvania and the United States. These damages included the following:

     a.     Deprivation of liberty and other basic rights;

     b.     Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Downing, Horton, Gustafson and Stevens, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT VII – SECTION 1983 VS DEFENDANT COUNTY OF ERIE

73.     Paragraphs 1 through 72 are hereby incorporated herein by reference as if fully set forth.

74.     Defendant County of Erie had, in effect, actual and/or defacto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of individual Defendants in this case including Defendants Downing and Herton.

75.     Defendant County of Erie failed to properly train, supervise, or discipline its assistant district attorneys including Defendants Downing and Horton regarding proper procedure in handling exculpatory evidence, determining whether to pursue prosecution, understanding and evaluation sufficiency of evidence against a criminal defendant, exhibiting

truth and candor to the Court and its officials and acting in a manner that did not violate the
Constitutional rights of criminal defendants.

76.   Defendant County of Erie, being aware that such lack of training, supervision and
discipline leads to improper conduct by its employee assistant district attorneys, acted with
deliberate indifference in failing to establish a program of effective training, supervision and
discipline.

77.   Defendant County of Erie is aware of the persistent and substantial risk of
improper and malicious prosecution of persons based on insufficient or inaccurate evidence, and
that effective training, supervision, and discipline would have lessened the likelihood such
occurrences. There are recurrent circumstances involved which create potential danger to the
constitutional rights of citizens and are officially tolerated by Defendant County of Erie. Such
policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged
and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's
rights as guaranteed by 42 USCA Section 1983 and the 4th and 14th Amendments of the United
States Constitution.

78.   As a result of these actions, the Plaintiff suffered:

   a.   Deprivation of liberty and other basic rights;

   b.   Serious physical injury and damage including increased blood pressure
and physical assault injuries;

   c.   Psychological and emotional injuries;

   d.   Costs of medical and psychiatric treatment;

   e.   Loss of employment and wages;

   f.   Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendant County of Erie, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT VIII – LEGAL MALPRACTICE VS DEFENDANTS HERMANN AND COUNTY OF ERIE

79.     Paragraphs 1 through 78 are hereby incorporated herein by reference as if fully set forth.

80.     Defendant Hermann, in her capacity as Erie County Assistant Public Defender negligently, improperly and unskillfully represented Plaintiff in his criminal case when proper representation would have allowed Plaintiff to have been released from incarceration. These negligent and improper actions included the following:

a.      Failure to challenge the lack of probable cause to hold Plaintiff;

b.      Failure to file a petition for habeas corpus during Plaintiff's incarceration;

c.      Failure to dispute that the person pictured on the video was not the Plaintiff;

d.      Failure to request and present exculpatory evidence;

e.      Failure to contest improper and/or manufactured evidence;

f.      Failure to appropriately and timely file motion to dismiss based on the exculpatory evidence, the manufactured evidence and the misidentification; and

g.      Failure to properly defend Plaintiff and take the necessary actions in representing Plaintiff such that Plaintiff's innocence could be established.

81.     The actions of Defendants Hermann and County of Erie Public Defender's Office resulted in damages to plaintiff including the following:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

82.     In addition, County of Erie Public Defenders Office failed to properly train, supervise or discipline its assistant public defenders including Defendant Hermann concerning the proper manner of representing a criminal Defendant including the need to raise defenses, obtain and present exculpatory evidence, challenge improper and illegal evidence or

misidentification of witnesses, challenge probable cause and the basis for arrest warrant and similar practices necessary to appropriately represent criminal defendants.

83.    As a result of this failure to properly train, supervise and discipline, Plaintiff's constitutional rights were violated in the he was illegally arrested, detained and forced to undergo trial.

84.    Defendant County of Erie Public Defender's Office being aware that such lack of training, supervision and discipline leads to improper conduct by its employee public defenders, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

85.    Defendant County of Erie is aware of the persistent and substantial risk of negligent and unskillful representation of criminal defendants and that effective training, supervision and discipline would have lessened the likelihood of such occurrences. There are recurrent circumstances involved which create potential danger to the constitutional rights of citizens and are officially tolerated by Defendant County of Erie. Such policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's rights as guaranteed by 42 USCA section 1983 and the 4th and 14th amendments of the United States Constitution.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Victoria Hermann and County of Erie in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

**COUNT IX – CONSPIRACY TO VIOLATE CIVIL RIGHTS VS. ALL DEFENDANTS**

83.     Paragraphs 1 through 82 are hereby incorporated herein by reference as if fully set forth.

84.     Defendants City of Erie Police Department, Gustafson, Stevens, Erie County Probation Office, Kissel, Clark, Erie County District Attorney's Office, Downing, Horton, Erie County Prison and John Does (EC Prison Guards) together in their individual capacity and under color of state law conspired, assisted and facilitated violation of the Plaintiff's civil rights as set forth in counts ___ of this complaint by acting in concert with each other in the actions set forth therein.

85.     Each individual Defendant expressly or tacitly agreed to act in concert with other Defendants in violating Civil Rights which agreement manifested itself in the following actions:

        a.     Targeting or singling out Plaintiff to frame for a crime;

        b.     Intentionally creating, misinterpreting and improperly stretching available evidence in order to falsely accuse Plaintiff of a crime;

        c.     Actively or passively agreeing in the misidentification of Plaintiff as the perpetrator of a crime and the individual pictured in the videotape;

        d.     Knowingly assenting to and confirming information clearly not evidence of the Plaintiff's wrongdoing or not sufficient to support a warrant for arrest;

        e.     Participating in manufacturing and creating evidence to support the issuance of an arrest warrant for Plaintiff with knowledge that this constituted a misrepresentation to a court of law;

        f.     Allowing Plaintiff to be arrested and detained without sufficient evidence of his involvement in the alleged crime;

g.      Maintaining and continuing imprisonment and incarceration of the Plaintiff for over one year while he awaited trial for a crime that Defendants' knew that he did not commit;

h.      Pursuing trial against Plaintiff despite knowing that he did not commit the crime for which he was being prosecuted; and

i.      Withholding and concealing evidence that would have exonerated Plaintiff and led to his release from prison.

86.      As a result of the Defendants' joint conspiracy to violate to Civil Rights of the Plaintiff as set forth in counts _____, in direct violation of Section 1985 and the constitution of the United States directly led to the violation of the Plaintiff's civil rights as set forth above.

87.      As a result of the actions of Defendants' resulting in violation of the Plaintiff's civil rights and causing damage to the person and property of Plaintiff some of which are permanent and some of which are preventable some of which are the following:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against all Defendants, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT X – SECTION 1983 CIVIL RIGHTS VS. ERIE COUNTY PRISON AND JOHN DOE PRISON OFFICIALS

88.     Paragraphs 1 through 87 are hereby incorporated herein by reference as if fully set forth.

89.     Beginning of June __, 2020, Plaintiff Arrington was incarcerated at Erie County Prison and remained incarcerated until _____. During this timeframe he had not yet undergone trial and was considered a pre-trial detainee.

90.     During his imprisonment in Erie County Prison at various times and repeatedly prison officials including security guards and administration violated Mr. Arrington's Civil Rights in the nature of cruel and unusual punishment and in direct violation of Section 42 USC Section 1983 and the 14th amendment of the U.S. Constitution.

91.     Such Behavior by Defendants constituted a violation of Plaintiff's Civil Rights in that they involved unnecessary and wanton infliction of pain and suffering which was incompatible with evolving standards of decency and society and constituted deliberate indifference to the health and safety of the Plaintiff.

92.     These actions which violated Mr. Arrington's Civil Rights and constituted deliberate indifference included:

a. Placing Plaintiff in a cell with another inmate when prison officials knew that this would result in physical assault and harm to Plaintiff;

b. Requiring Plaintiff to spend 23 out of every 24 hours isolated in confinement along with other denial of basic and necessary human needs during the incarceration.

c. Ignoring the Plaintiff's need for medical and psychological treatment particularly when the deliberate indifference of prison officials is what caused the physical and mental harm in the first place;

d. Ridiculing, abusing and mistreating the Plaintiff on multiple occasions;

e. Targeting and singling out Plaintiff for harsher treatment that other prisoners;

f. Acting as set forth above despite knowledge of Plaintiff's innocence and fully aware of existence of exculpatory evidence; and

g. Otherwise denying humane treatment and treating Plaintiff in a manner that resulted in unnecessary infliction of pain and suffering.

93. As a result of Defendants' actions the Plaintiff suffered serious and permanent damage including the following:

a. Deprivation of liberty and other basic rights;

b. Serious physical injury and damage including increased blood pressure and physical assault injuries;

c. Psychological and emotional injuries;

d. Costs of medical and psychiatric treatment;

e. Loss of employment and wages;

    f.      Extreme humiliation and embarrassment;

    g.     Costs and expenses related to detention/incarceration;

    h.     Loss of enjoyment and pleasure of life;

    i.      Legal costs and fees in defense of Plaintiff's criminal case;

    j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

    k.     Punitive damages.

94.    Prison officials and Defendant Erie County Prison created, required or facilitated a policy or custom that caused the constitutional violation set forth above. This policy was, although not written, so widespread and supported to have the "force of law" and as such the Erie County Prison itself violated the Plaintiff's constitutional rights.

95.    The Erie County Prison and its administration also violated the Plaintiff's constitutional rights by not properly hiring, training and controlling its employees such that they would not act in a manner in deliberate indifference to the Plaintiff's health and safety or otherwise violate the Plaintiff's constitutional rights as set forth under 14th amendment to the U.S. Constitution and Section 1983.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Erie County Prison and John Doe Prison Guards, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

Respectfully submitted,

By: _____
Peter A. Pentz, Esquire
Counsel for Plaintiff
2409 State Street, Suite A
Erie, PA  16504
(814) 651-0695

TODRICK W. ARRINGTON, JR.  :  IN THE COURT OF COMMON PLEAS
            :  OF ERIE COUNTY, PENNSYLVANIA
    Plaintiff     :
            :
  v.          :  CIVIL ACTION – LAW
            :
CITY OF ERIE POLICE DEPARTMENT, :
MATTHEW J. GUSTAFSON; JERRY  :
STEVENS; ERIE COUNTY PROBATION :  NO.    - 2022
OFFICE; ALEX KISSELL; ASHLEY   :
CLARK; ERIE COUNTY DISTRICT   :
ATTORNEY'S OFFICE; EMILY    :
DOWNING; KHADJA HORTON; ERIE  :
COUNTY PRISON; JOHN DOES (ERIE  :
COUNTY PRISON GUARDS); VICTORIA :
HERMANN

    Defendants

## VERIFICATION

  I, Todrick Arrington, Plaintiff in the above matter, deposes and states that the facts set

forth in the foregoing Civil Complaint are true and correct to the best of my knowledge,

information and belief.  This statement is made subject to the penalties of 18 Pa. C. S. A. Section

4904 relating to unsworn falsification to authorities.

              _____
              Todrick Arrington