## IN THE UNITED STATES COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODRICK W. ARRINGTON, JR.        :
                                 :
        Plaintiff                :     CIVIL ACTION – LAW
                                 :
    v.                         :
                                 :
CITY OF ERIE; MATTHEW J.         :     NO. 1:22-CV-00226
GUSTAFSON; JERRY STEVENS;        :
ERIE COUNTY; ALEX KISSELL;       :
ASHLEY CLARK; EMILY              :
DOWNING; KHADJA HORTON;          :
JOHN DOES (ERIE COUNTY           :
PRISON PERSONNEL); VICTORIA      :
HERMANN                          :

        Defendants

### PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes the Plaintiff, Todrick Arrington, by and through his counsel, Peter A.

Pentz, and Pentz Law, and files the following Complaint against defendants, averring as follows:

### 1. The Parties

1.     The Plaintiff, Todrick Willis Arrington, is an individual residing at 2614 Perry

Street Erie, PA 16503.

2.     Defendant City of Erie is a municipal entity that operates a police department in

the City of Erie with headquarters located at 626 State Street Erie, Pa 16501.

3.     Defendant Matthew J. Gustafson at all relevant times was a detective for the City

of Erie Police Department.

4.     Defendant Jerry Stevens at relevant times was a police officer for the City of Erie

Police Department.

5.      Defendant Erie County (Pennsylvania) is a municipal entity that operates a probation office ("Erie County Probation Office") with an office at 140 West 6th Street, Suite 306, Erie, PA 16501.

6.      Defendant Alex Kissel, at relevant times, was an individual employed as a parole agent for the Erie County Probation office.

7.      Defendant Ashley Clark, at relevant times, was an individual employed as a parole agent supervisor for the Erie County Probation office.

8.      Defendant, Erie County, also operates a district attorney office ("Erie County District Attorney office") with a main office at 140 West 6th Street, Suite 506, Erie, PA 16501.

9.      Defendant Emily Downing, at relevant times, was an assistant district attorney for the Erie County District Attorney's office.

10.      Defendant Khadja Horton at relevant times was an assistant district attorney employed by the Erie County District Attorney's Office.

11.      Defendant Erie County also operates a prison ("Erie County Prison") with a principal location at 1618 Ash Street Erie, PA 16503.

12.      John Does are unidentified prison guards and personnel employed at the Erie County Prison by Defendant Erie County

## 2. Factual Background

13.      Plaintiff Arrington on or about May 30, 2020 was an individual residing and employed in Erie County. Mr. Arrington's was on probation and this probation had commenced on or about May 22, 2020.

14.      Plaintiff Arrington's parole agent, as assigned by Erie County, was Alex Kissel.

15.    On May 30, 2020 in the City of Erie, at or near Perry Square, a peaceful protest/march was held in connection with Black Lives Matter. This march or gathering resulted in hundreds of people walking a designated route before concluding the march at Perry Square.

16.    Apparently, at some point after the march, members of a crowd in the area became disruptive and caused damage to various property in downtown Erie.

17.    City of Erie Police were present at this protest/march and in various ways interacted and engaged with the protesters. Upon belief, during this protest, or sometime prior to May 31, 2020, three double parking meters located on the 600 block of State Street were knocked over and dislodged from their bases.

18.    Plaintiff Arrington was not present at the Black Lives Matter rally held on May 30, 2020 and was not anywhere in the area of the 600 block of State Street on either May 30 or May 31, 2020.

19.    Instead, Plaintiff Arrington, at all relevant times on May 30, 2020 and May 31, 2020 was at a family member's house where he was then residing, at 628 East 24th Street, Erie, PA and throughout this time was with a friend, Daeojzhanae Nobel.

20.    Upon belief, Defendant Gustafson, on May 31, 2020, was assigned by the City of Erie to investigate the damage to parking meters that occurred on or about May 30, 2020.

21.    At some point defendant Gustafson viewed a social media video posted by Tyquan Young (hereinafter "Young video"). The audio of the posted Young video includes a loud noise after which the person recording the video rotates the camera quickly to briefly show a black male with a COVID mask on his face, wearing a green hoodie and "camo pants."

22.     The Young video does not show what caused the noise on the audio, does not show a damaged parking meter(s), and does not show if or how the parking meter(s) in question were damaged or who caused the damage.

23.     Defendant Gustafson, apparently, during his investigation, also viewed a video taken earlier in the day on May 30, 2020 which showed hundreds of individuals walking across South Park Row near State Street during the Black Lives Matter march of May 30, 2020. In the Affidavit of Probable Cause, Defendant Gustafson referred to the video as coming "from our vice department" (hereinafter referred to as "vice video"). Affidavit of Probable Cause dated June 4, 2020 is attached as exhibit 1.

24.     Defendant Gustafson claimed that the masked individual briefly seen in the Young video was also the same person present on the vice video from several hours earlier but without a mask.

25.     Defendant Gustafson claims to have made an enlarged, still photo from the vice video of the individual in question and sent it to police personnel in an attempt to identify the person pictured in the photo.

26.     In response to defendant Gustafson's inquiry, defendant Stevens allegedly responded by emailing defendant Gustafson and indicating that "he believed the individual [pictured] to be Todrick Arrington Jr." (Affidavit of Probable Cause) No basis or explanation was given as to how this identification was made.

27.     According to the Affidavit of Probable Cause, Defendant Gustafson then contacted Erie County Probation Office and Defendant Kissel to ask whether the person in the still photograph was Mr. Arrington. Defendant Kissel allegedly replied that "he believed it was [Arrington]."

28.     Defendant Kissel then allegedly asked his supervisor, Ashley Clark, who had no knowledge of the plaintiff's appearance, to confirm that the person in the still photograph was Mr. Arrington. Apparently defendant Clark somehow confirmed that the person pictured was Mr. Arrington.

29.     Plaintiff Arrington has a tattoo of a crown clearly visible on the top of his right hand and wrist and Mr. Arrington had this tattoo at all relevant times, including from at least 2018 and throughout 2020. Any individual who had any actually met with the plaintiff, including his parole officer, would have been aware of the existence of the tattoo due to its obviousness and the fact that it is not covered by any clothing or otherwise restricted from view.

30.     The individual pictured in the still photograph from the vice video clearly does not have any tattoo on his right hand.

31.     Defendants Gustafson, Stevens, Kissel, and Clark either were not familiar enough with Plaintiff to identify him as the person pictured in the still photograph, or in the alternative, falsely identified Arrington as the person pictured knowing that this was inaccurate.

32.     Defendant Gustafson used the clearly mistaken identification as an allegation in the Affidavit of Probable Cause which led to warrant of arrest being issued for Plaintiff Arrington on or about July 4, 2020.

33.     Plaintiff Arrington was awoken from sleep and arrested, on or about July 2, 2020, by four city of Erie Police Officers and was immediately taken into custody.

34.     After being arrested and taken into custody by the Erie County Police Department, the Plaintiff Arrington was transported to Erie County Prison at which time prison personnel asked plaintiff, without any prompting by plaintiff, about the Black Lives Matter protest and at least one prison guard laughed about the questionable identification of the plaintiff

in the vice or Young video. Thus, even prior to being processed and taken into custody it was clear prison personnel were already aware of the allegations and factual scenario that led to Arrington's arrest.

35.    Plaintiff Arrington protested his innocence, specifically indicating that he was not the person in the photograph and further, that he had an alibi witness. For over one year thereafter, plaintiff repeatedly protested his innocence by letter and otherwise, by specifically pointing out that the video evidence and the alibi witness should exonerate him. These communications were completely ignored by all personnel at the Erie County Prison, the City of Erie Police Department, and the Erie County District Attorney's Office.

36.    In addition, the Plaintiff's sister, Toni Arrington, repeatedly communicated with representatives of the City of Erie and the County of Erie in an effort to point out the misidentification of her brother.

37.    During the course of his imprisonment, Plaintiff Arrington produced an alibi witness statement, photographs of his tattoo and other exculpatory evidence, all of which were ignored by Defendants.

38.    A public defender, Victoria Hermann, was assigned to Mr. Arrington's defense and during a preliminary hearing, ignored the statements of her client and instead, inexplicably was prepared to concede that the person in the still photograph was plaintiff.

39    The failure to properly investigate and ignoring of exculpatory evidence resulted in Mr. Arrington being incarcerated prior to trial from on or about July 4, 2020 to on or about August 13, 2021.

40.    After the refusal of Hermann to listen to him, Plaintiff Arrington then hired a private attorney, Michael Harmon, Esquire, who likewise pointed out, to the district attorney's

office, the mistaken identity, the alibi witness and the other exculpatory evidence, all of which the district attorney's office again ignored and refused to consider.

41.     Instead, Erie County District Attorney's office elected to proceed with a criminal trial after plaintiff Arrington refused to plea to offenses that he did not commit.

42.     Shortly before the criminal trial began, this matter was reassigned from defendant Downing to defendant Horton, a black assistant district attorney, who was not previously involved in the case. Defendant Horton informally indicated to Plaintiff Arrington and his defense counsel that she was "simply doing her job" and implied that there may have been a misidentification.

43.     Plaintiff Arrington underwent criminal trial in August 2021 during which time the exculpatory evidence was submitted and the district attorney's office, police officers, and other defendants provided no evidence contradicting the misidentification of the defendant. As a result of the trial, the plaintiff was acquitted on all charges.

44.     During his detention from July 2020 to August 2021 at the Erie County Prison, Plaintiff Arrington was mistreated and exposed to cruel and unusual punishment while in the custody of the Erie County Prison. In particular, Mr. Arrington was placed in a cell with a violent and known racist criminal and despite Mr. Arrington's pleas for his safety, Mr. Arrington was required to remain in the cell with this inmate which, as expected, resulted in the plaintiff being assaulted repeatedly.

45.     In addition, during his detention the Plaintiff began to suffer severe physical and mental problems which were ignored by the Erie County Prison personnel. Eventually when a medication was prescribed to address Mr. Arrington's mental condition that medication was later inexplicably discontinued by the Erie County employees without a medical basis.

## COUNT I – SECTION 1983 VS. DEFENDANTS GUSTAFSON AND STEVENS

46.     Paragraphs 1 through 45 are hereby incorporated herein by reference as if fully set forth.

47.     Defendants Gustafson and Stevens had a duty, when acting under color of law, to act in a manner that did not violate Plaintiff's constitutional rights guaranteed under 42 USCA Section 1983 and the United States Constitution including the 4th and 14th Amendments.

48.     Defendants Gustafson and Stevens, acting in their official capacity and individual capacity, breached that duty, under color of state law, by behaving in a manner without lawful justification, intentionally, maliciously and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences for their acts. These acts were in the nature of:

a.     Fabricating and/or manufacturing evidence to obtain an arrest warrant against Plaintiff;

b.     Fabricating and/or manufacturing evidence which led to Plaintiff's arrest and Plaintiff being accused of a crime;

c.     Knowing that the person pictured in the Young video and vice video that formed the basis for the arrest warrant was not Plaintiff and/or failing to take the necessary steps to determine that it was not the plaintiff pictured;

d.     Knowing and/or learning that the person pictured in the video was not the Plaintiff and yet refusing to provide this exculpatory evidence to Plaintiff or the court system;

e.     Knowing or by the exercise of reasonable investigation learning that the Young video did not show either the commission of a crime or that any individual on the video was connected with a crime;

8

      f.      Withholding evidence that would have or should have led to dismissal of charges against Plaintiff;

      g.      Allowing Plaintiff to be incarcerated for over one year despite knowing of his innocence; and

      h.      Encouraging probation officers and others to misidentify Plaintiff as the person pictured in the video by leading questions and other inappropriate means.

49.      The actions by Defendants Gustafson and Stevens, including withholding, fabricating and concealing evidence, and failing to correct mistakes arising from that evidence constituted a knowing deception of the Court and others in violation of Plaintiff's due process rights such that these actions go beyond a <u>Brady</u> violation.

50.      Defendant's actions, as set forth above, in breaching their duty to not act in a manner that violated the Plaintiff's constitutional rights, resulted in and caused injury and damage to Plaintiff. Such damage includes:

      a.      Deprivation of liberty and other basic rights;

      b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

      c.      Psychological and emotional injuries;

      d.      Costs of medical and psychiatric treatment;

      e.      Loss of employment and wages;

      f.      Extreme humiliation and embarrassment;

      g.      Costs and expenses related to detention/incarceration;

      h.      Loss of enjoyment and pleasure of life;

      i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against defendants Gustafson and Stevens, acting under the color of State Law, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this Court deems just or that justice requires.

## **COUNT II – SECTION 1983 VS. CITY OF ERIE**

51.      Paragraphs 1 through 50 are hereby incorporated herein by reference as if fully set forth.

52.      City of Erie's police department had, in effect, actual and/or defacto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of individual Defendants in this case, including Defendants Gustafson and Stevens.

53.      Defendant City of Erie failed to properly train, supervise, or discipline its police officers, including but not limited to, Defendants Gustafson and Stevens, concerning the correct practices in investigation of crimes, avoidance of racial profiling, proper assessment of probable cause, assembling and evaluating evidence to obtain an arrest warrant and an arrest, failing to share exculpatory evidence, and avoidance of improper and deficient police work. This failure to train by the City of Erie was so obviously deficient and this deficiency was so likely to result in violation of the constitutional rights by police officers that it constituted deliberate indifference to the need.

54.      Defendant City of Erie, being aware that such lack of training, supervision and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

10

55.    Defendant City of Erie is aware of the persistent and substantial risk of improper detention of persons based on insufficient or incorrect warrant information and that effective training, supervision, and discipline would have lessened the likelihood of this occurrence. There are recurrent circumstances involved which create potential danger to the constitutional rights of citizens and are officially tolerated by Defendant City of Erie. Such policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's rights as guaranteed by 42 USCA Section 1983 and the 4th and 14th amendments of the United States Constitution.

56.    As a result of these actions, the Plaintiff suffered:

   a.    Deprivation of liberty and other basic rights;

   b.    Serious physical injury and damage including increased blood pressure and physical assault injuries;

   c.    Psychological and emotional injuries;

   d.    Costs of medical and psychiatric treatment;

   e.    Loss of employment and wages;

   f.    Extreme humiliation and embarrassment;

   g.    Costs and expenses related to detention/incarceration;

   h.    Loss of enjoyment and pleasure of life;

   i.    Legal costs and fees in defense of Plaintiff's criminal case; and

   j.    Legal costs and fees incurred in Plaintiff's civil rights action

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against defendant City of Erie, in an amount in excess of the arbitration limits and to

include attorney's fees as appropriate under statute and other damages that this Court deems just or that justice requires.

## COUNT III – FALSE ARREST AND IMPRISONMENT VS. DEFENDANTS GUSTAFSON, STEVENS AND CITY OF ERIE

57.     Paragraphs 1 through 56 are hereby incorporated herein by reference as if fully set forth.

58.     Defendants Gustafson, Stevens and City of Erie violated its duty to Plaintiff as a citizen by falsely arresting him without probable cause, and/or arresting him with a warrant that was obtained illegally.

59.     These improper actions of Defendants resulted in the Plaintiff's incarceration and imprisonment for over one year despite the fact that Plaintiff was improperly arrested without probable cause and with an arrest warrant had been obtained improperly.

60.     As a result of the actions of Defendants in falsely arresting and imprisoning Plaintiff, Plaintiff suffered direct and proximate damages in the nature of:

    a.     Deprivation of liberty and other basic rights;

    b.     Serious physical injury and damage including increased blood pressure and physical assault injuries;

    c.     Psychological and emotional injuries;

    d.     Costs of medical and psychiatric treatment;

    e.     Loss of employment and wages;

    f.     Extreme humiliation and embarrassment;

    g.     Costs and expenses related to detention/incarceration;

    h.     Loss of enjoyment and pleasure of life;

    i.     Legal costs and fees in defense of Plaintiff's criminal case; and

> j.      Legal costs and fees incurred in Plaintiff's civil rights action.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Gustafson, Stevens and City of Erie, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this Court deems just or that justice requires.

## COUNT IV – SECTION 1983 VS. DEFENDANTS KISSEL AND CLARK

61.     Paragraphs 1 through 60 are hereby incorporated herein by reference as if fully set forth.

62.     Defendants Kissel and Clark, when acting under the color of state law, have a duty to act in a manner that does not violate Plaintiff's constitutional rights guaranteed under 42 USCA Section 1983 and the United States Constitution, including the 4th and 14th Amendments.

63.     Defendants Kissel and Clark breached that duty in their official and individual capacities, by acting under color of state law in a manner without lawful justification, intentionally, maliciously, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their actions. These actions were in the nature of:

> a.      Falsely identifying Plaintiff as the person pictured in the photograph sent by Defendant Gustafson and thereby falsely accusing Plaintiff of a crime;

> b.      Providing illegal and improper witness against Plaintiff without knowledge of accuracy of the statements provided and with full knowledge of the natural and probable consequences of their actions *i.e.* Plaintiff's arrest and incarceration;

> c.      Participating in Defendants Gustafson and Steven's misidentification of Plaintiff when Defendants Kissel and Clark knew the same to be untrue or with the

exercise of reasonable diligence would have known the same to be untrue, and thus, with

deliberate indifference to the rights of Plaintiff;

      d.     Knowingly providing misidentification of the Plaintiff with knowledge

that this independent misidentification would support an arrest warrant leading to the

arrest and incarceration of the Plaintiff for a crime he did not commit; and

      e.     Failing to correct the misidentification at any point in time before

Plaintiff's arrest or after Plaintiff's arrest and during his incarceration/detention.

    64.    Defendants actions as set forth above caused injury and damage to Plaintiff. Such

damage included:

      a.     Deprivation of liberty and other basic rights;

      b.     Serious physical injury and damage including increased blood pressure

and physical assault injuries;

      c.     Psychological and emotional injuries;

      d.     Costs of medical and psychiatric treatment;

      e.     Loss of employment and wages;

      f.     Extreme humiliation and embarrassment;

      g.     Costs and expenses related to detention/incarceration;

      h.     Loss of enjoyment and pleasure of life;

      i.     Legal costs and fees in defense of Plaintiff's criminal case;

      j.     Legal costs and fees incurred in Plaintiff's civil rights action; and

      k.     Punitive damages.

    WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be

entered against Defendants Kissel and Clark, in an amount in excess of the arbitration limits and

to include attorney's fees as appropriate under statute, punitive damages and other damages that this Court deems just or that justice requires.

## COUNT V – SECTION 1983 VS. COUNTY OF ERIE

65. Paragraphs 1 through 64 are hereby incorporated herein by reference as if fully set forth.

66. Defendant County of Erie had, in effect, actual and/or defacto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of individual Defendants in this case including Defendants Kissel and Clark.

67. County of Erie failed to properly train, supervise, or discipline its probation officers including Defendants Kissel and Clark regarding identification of perpetrators during crime investigations, providing evidence to City of Erie Police Department for purposes of obtaining arrest warrants and properly confirming identification and evidence used against individuals for such purposes. This failure of the County of Erie to train was so obviously a deficiency and that deficiency was so likely to result in constitutional violations that it constitutes deliberate indifference to the need.

68. Defendant County of Erie, being aware that such lack of training, supervision and discipline leads to improper conduct by its employee parole officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

69. Defendant County of Erie is aware of the persistent and substantial risk of improper detention of persons based on insufficient or incorrect warrant information and effective training, supervision, and discipline would have lessened the likelihood such occurrences. There are recurrent circumstances involved which create potential danger to the constitutional rights of citizens and are officially tolerated by Defendant County of Erie. Such

policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's rights as guaranteed by 42 USCA Section 1983 and the 4th and 14th Amendments of the United States Constitution.

70.    As a result of these actions, the Plaintiff suffered the following damages:

a.    Deprivation of liberty and other basic rights;

b.    Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.    Psychological and emotional injuries;

d.    Costs of medical and psychiatric treatment;

e.    Loss of employment and wages;

f.    Extreme humiliation and embarrassment;

g.    Costs and expenses related to detention/incarceration;

h.    Loss of enjoyment and pleasure of life;

i.    Legal costs and fees in defense of Plaintiff's criminal case; and

j.    Legal costs and fees incurred in Plaintiff's civil rights action

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendant County of Erie, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, and other damages that this Court deems just or that justice requires.

## COUNT VI – SECTION 1983 VS. DEFENDANTS DOWNING, HORTON, GUSTAFSON AND STEVENS

71.    Paragraphs 1 through 70 are hereby incorporated herein by reference as if fully set forth.

16

72.    Defendants Downing and Horton, in actions that went beyond their advocacy functions and, instead, while acting in investigative and administrative functions that were not integral to the judicial process itself, violated the constitutional rights of Plaintiff. These actions included:

a.    Upon belief, leaking information unfavorable to Plaintiff but inaccurate and untrue, to media including Erie Times News;

b.    Fabricating evidence prior to indictment and/or tacitly consenting to the use of such evidence, knowing it to be fabricated;

c.    Withholding and/or knowingly ignoring exculpatory evidence; and

d.    Intentionally withholding information from the Court and Plaintiff with knowledge that the result would be in violation of the Plaintiff's constitutional rights.

73.    Defendants Downing, Horton, Gustafson and Stevens maliciously prosecuted Plaintiff despite the knowledge that he had not perpetrated the crime in question and that not only was there no evidence of him being involved in the crime, but the evidence actually proved his innocence. These actions in maliciously prosecuting Plaintiff included the following:

a.    Assisting in the prosecution of Plaintiff despite knowledge of exculpatory evidence;

b.    Failing to produce exculpatory evidence to the Court and to Plaintiff;

c.    Allowing the Plaintiff to arrested, detained and incarcerated for over one year while awaiting a trial despite knowledge of his innocence;

d.    Refusing to address and/or ignoring the evidence that Plaintiff was improperly arrested and improperly charged with a crime; and

17

e.      Proceeding to trial with full knowledge of Plaintiff's innocence and/or without sufficient evidence to result in a conviction of Plaintiff.

74.    As a result of these acts and conduct of the Defendants, Plaintiff suffered direct and proximate injury and damage and suffered violation of his statutory and common law rights guaranteed by the laws and Constitutions of Pennsylvania and the United States. These damages included the following:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Downing, Horton, Gustafson and Stevens, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this Court deems just or that justice requires.

## COUNT VII – SECTION 1983 VS DEFENDANT COUNTY OF ERIE

75.    Paragraphs 1 through 74 are hereby incorporated herein by reference as if fully set forth.

76.    Defendant County of Erie had, in effect, actual and/or defacto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of individual Defendants in this case including Defendants Downing and Horton.

77.    Defendant County of Erie failed to properly train, supervise, or discipline its assistant district attorneys including Defendants Downing and Horton regarding proper procedure in handling exculpatory evidence, determining whether to pursue prosecution, understanding and evaluation sufficiency of evidence against a criminal defendant, exhibiting truth and candor to the Court and its officials and acting in a manner that did not violate the Constitutional rights of criminal defendants. This failure to train was so obviously deficient and this deficiency so likely to lead to constitutional violations that it constituted deliberate indifference to the need.

78.    Defendant County of Erie, being aware that such lack of training, supervision and discipline leads to improper conduct by its employee assistant district attorneys, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

79.    Defendant County of Erie is aware of the persistent and substantial risk of improper and malicious prosecution of persons based on insufficient or inaccurate evidence, and that effective training, supervision, and discipline would have lessened the likelihood such occurrences. There are recurrent circumstances involved which create potential danger to the constitutional rights of citizens and are officially tolerated by Defendant County of Erie. Such policies, practices, customs, and usages were a direct and proximate cause of the conduct alleged

and otherwise a direct and proximate cause of the harm to Plaintiff in violation of the Plaintiff's rights as guaranteed by 42 USCA Section 1983 and the 4th and 14th Amendments of the United States Constitution.

      80.    As a result of these actions, the Plaintiff suffered:

          a.    Deprivation of liberty and other basic rights;

          b.    Serious physical injury and damage including increased blood pressure and physical assault injuries;

          c.    Psychological and emotional injuries;

          d.    Costs of medical and psychiatric treatment;

          e.    Loss of employment and wages;

          f.    Extreme humiliation and embarrassment;

          g.    Costs and expenses related to detention/incarceration;

          h.    Loss of enjoyment and pleasure of life;

          i.    Legal costs and fees in defense of Plaintiff's criminal case; and

          j.    Legal costs and fees incurred in Plaintiff's civil rights action

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendant County of Erie, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, and other damages that this Court deems just or that justice requires.

## COUNT IIIV – CONSPIRACY TO VIOLATE CIVIL RIGHTS VS. ALL DEFENDANTS

      81.    Paragraphs 1 through 80 are hereby incorporated herein by reference as if fully set forth.

82.     Defendants City of Erie, Gustafson, Stevens, County of Erie, Kissel, Clark, Downing, Horton, and John Does (EC Prison Guards) together in their individual and official capacity and under color of state law conspired, assisted and facilitated violation of the Plaintiff's civil rights as set forth in Counts I through VII of this Complaint by acting in concert with each other in the actions set forth therein.

83.     Each individual Defendant expressly or tacitly agreed to act in concert with other Defendants in violating Civil Rights which agreement manifested itself in the following actions:

a.      Targeting or singling out Plaintiff to frame for a crime;

b.      Intentionally creating, misinterpreting and misusing available evidence in order to falsely accuse Plaintiff of a crime;

c.      Actively or passively agreeing in the misidentification of Plaintiff as the perpetrator of a crime and as the individual pictured in the videotape;

d.      Knowingly using or assenting to the use of information which was misleading or false when there was no evidence of the Plaintiff's wrongdoing and in sufficient evidence to support a warrant for arrest;

e.      Participating in manufacturing and creating evidence to support the issuance of an arrest warrant for Plaintiff with knowledge that this constituted a misrepresentation to a Court of law;

f.      Allowing Plaintiff to be arrested and detained without sufficient evidence of his involvement in the alleged crime;

g.      Maintaining and continuing imprisonment and incarceration of the Plaintiff for over one year while he awaited trial for a crime that Defendants knew that he did not commit;

21

h.      Pursuing prosecution and trial against Plaintiff despite knowing that he did not commit the crime for which he was being prosecuted; and

i.      Withholding and concealing evidence that would have exonerated Plaintiff and led to his release from prison.

84.     As a result of the Defendants' joint conspiracy to violate to Civil Rights of the Plaintiff as set forth in counts I through VII, in direct violation of Section 1985 and the Constitution of the United States, directly led to the violation of the Plaintiff's civil rights as set forth above.

85.     The actions of Defendants directly resulted in violation of the Plaintiff's civil rights and caused damage to the person and property of Plaintiff, including the following:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

h.      Loss of enjoyment and pleasure of life;

i.      Legal costs and fees in defense of Plaintiff's criminal case;

j.      Legal costs and fees incurred in Plaintiff's civil rights action; and

k.      Punitive damages.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against all Defendants, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

## COUNT IX – SECTION 1983 VS. ERIE COUNTY AND JOHN DOE PRISON PERSONNEL

86.     Paragraphs 1 through 85 are hereby incorporated herein by reference as if fully set forth.

87.     Beginning on or about July 4, 2020, Plaintiff Arrington was detained at Erie County Prison and remained detained therein until on or about August 13, 2021. During this timeframe Plaintiff had not yet undergone trial and was considered a pre-trial detainee.

88.     During his imprisonment in Erie County Prison at various times and repeatedly, prison personnel, including security guards and administration, violated Mr. Arrington's civil rights in the nature of cruel and unusual punishment and in direct violation of Section 42 USC Section 1983 and the 14th amendment of the U.S. Constitution. These actions by prion personnel were made in their individual and official capacities, under color of law.

89.     Such behavior by Defendants constituted a violation of Plaintiff's civil rights in that it involved unnecessary and wanton infliction of pain and suffering which was incompatible with evolving standards of decency and society and constituted deliberate indifference to the health and safety of the Plaintiff.

90.     These actions which violated Mr. Arrington's civil rights and constituted deliberate indifference included:

a.     Placing Plaintiff in a cell with another inmate when prison officials knew that this would result in physical assault and harm to Plaintiff;

b.      Requiring Plaintiff to spend 23 out of every 24 hours isolated in confinement along with other denial of basic and necessary human needs during the incarceration;

c.      Ignoring the Plaintiff's need for medical and psychological treatment particularly when the deliberate indifference of prison officials is what caused the physical and mental harm in the first place;

d.      Ridiculing, abusing and mistreating the Plaintiff on multiple occasions;

e.      Targeting and singling out Plaintiff for harsher treatment that other prisoners;

f.      Acting as set forth above despite knowledge of Plaintiff's innocence and fully aware of existence of exculpatory evidence; and

g.      Otherwise denying humane treatment and treating Plaintiff in a manner that resulted in unnecessary infliction of pain and suffering.

91.     As a result of Defendants' actions the Plaintiff suffered serious and permanent damage including the following:

a.      Deprivation of liberty and other basic rights;

b.      Serious physical injury and damage including increased blood pressure and physical assault injuries;

c.      Psychological and emotional injuries;

d.      Costs of medical and psychiatric treatment;

e.      Loss of employment and wages;

f.      Extreme humiliation and embarrassment;

g.      Costs and expenses related to detention/incarceration;

24

h.    Loss of enjoyment and pleasure of life;

i.    Legal costs and fees in defense of Plaintiff's criminal case;

j.    Legal costs and fees incurred in Plaintiff's civil rights action; and

k.    Punitive damages.

92.    Defendant Erie County created, required or facilitated a policy or custom that caused the constitutional violations set forth above. This policy was, although not written, so widespread and supported to have the "force of law" and as such Erie County itself violated the Plaintiff's constitutional rights.

93.    The Erie County and administration of the Erie County Prison also violated the Plaintiff's constitutional rights by not properly hiring, training and controlling its employees such that they would not act in a manner in deliberate indifference to the Plaintiff's health and safety or otherwise violate the Plaintiff's constitutional rights as set forth under 14th amendment to the U.S. Constitution and Section 1983. This failure to train was so obviously deficient and this deficiency so likely to result in constitutional violations that it constitutes deliberate indifference to the need.

WHEREFORE, the Plaintiff, Todrick Arrington, respectfully requests that judgement be entered against Defendants Erie County and John Does prison personnel, in an amount in excess of the arbitration limits and to include attorney's fees as appropriate under statute, punitive damages and other damages that this court deems just or that justice requires.

Respectfully submitted,

By: _____

Peter A. Pentz, Esquire
Counsel for Plaintiff
2409 State Street, Suite A
Erie, PA  16504
(814) 651-0695