IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODRICK W. ARRINGTON, JR.,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF ERIE POLICE DEPARTMENT, MATTHEW J. GUSTAFSON, JERRY STEVENS, ERIE COUNTY PROBATION OFFICE, ALEX KISSELL, ASHLEY CLARK, ERIE COUNTY DISTRICT ATTORNEY'S OFFICE, EMILY DOWNING, KHADJA HORTON, ERIE COUNTY PRISON, JOHN DOES (ERIE COUNTY PRISON GUARDS),<br><br>    Defendants | NO. 1:22-cv-00226<br><br>JURY TRIAL DEMANDED |

**ORDER**

AND NOW, to-wit, this _____ day of _____, 2022, upon consideration of the Rule 12 Motion to Dismiss filed by Defendants, City of Erie, Detective Matthew Gustafson and Detective Jerry Stevens, said Motion is granted for the following reasons:

1. Detective Gustafson possessed probable cause for the filing of charges and the prosecution of the Plaintiff and therefore all claims of false arrest, false imprisonment and malicious prosecution are dismissed with prejudice.

2. Detective Stevens merely acted as a witness, had no personal involvement in the filing of charges or the prosecution of Mr. Arrington and therefore did not violate any constitutional right possessed by Mr. Arrington. Therefore, Detective Stevens is dismissed with prejudice.

3. Because Detective Stevens was merely a witness in this matter, he did not proceed as a state actor and accordingly, did not violate any constitutional right possessed by Mr. Arrington. Therefore, Detective Stevens is dismissed from this matter with prejudice.

4. Based upon his limited involvement in this matter, Detective Stevens is cloaked with absolute witness immunity and is therefore dismissed, with prejudice.

5. Detective Gustafson enjoys qualified immunity from liability and from suit itself and therefore is dismissed from this action with prejudice.

6. Detective Stevens enjoys qualified immunity from liability and from suit itself and therefore is dismissed from this action with prejudice.

7. The *Monell* claims raised against the City of Erie fail to identify any specific policy, practice or custom possessed by the City and/or fail to specifically allege the training, supervision or discipline that the City of Erie allegedly failed to provide. Accordingly, these claims lack the specificity required under the Federal Rules of Civil Procedure and the holding of *Iqbal* and *Twombly* and therefore are dismissed with prejudice.

8. The claims of conspiracy among the Defendants lack the required specificity as to the actions and roles of each Defendant and therefore said claims are dismissed with prejudice.

9. In light of the foregoing, the Court concludes that any further amendment or revision of the Plaintiff's claims against the City of Erie and/or Detective Gustafson and/or Detective Stevens would be futile.

_____
                                                    J.