**IN THE UNITED STATES COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TODRICK W. ARRINGTON, JR.,

      Plaintiff

      v.

CITY OF ERIE; MATTHEW J.
GUSTAFSON; JERRY STEVENS; ERIE
COUNTY; ALEX KISSELL; ASHLEY
CLARK; EMILY DOWNING;
KHADIJA HORTON; JOHN DOES
(ERIE COUNTY PRISON
PERSONNEL); VICTORIA HERMANN,

      Defendants

NO.  1:22-CV-226

JURY TRIAL DEMANDED

## ERIE COUNTY DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), OR ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)

AND NOW, come the Defendants, Alex Kissell, Ashley Clark, Emily Downing, Khadija

Horton, and Erie County, by and through their attorneys, Marshall Dennehey Warner Coleman

and Goggin, and G. Michael Garcia II, Esquire, and file the within Motion to Dismiss Plaintiff's

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or Alternative Motion for

Definite Statement pursuant to 12(e), averring as follows:

### PROCEDURAL HISTORY

1.     Todrick W. Arrington Jr. ("Plaintiff") commenced this action by the filing of a

Complaint on June 17, 2022, in the Court of Common Pleas of Erie County, Pennsylvania. *ECF*

*No. 1-2.*

2.     On July 19, 2022, Co-Defendants Matthew Gustafson, Jerry Stevens and the City

of Erie removed this matter to the United States District Court for the Western District of

Pennsylvania. *ECF No. 1.*

3.    Between July 1, 2022, and July 20, 2022, defense counsel conferred with

Plaintiff's attorney concerning various defects and deficiencies in his Complaint for purposes of

complying with this Court's local chambers rules governing Rule 12 motion practice.

4.    On July 25, 2022, the parties executed a stipulation whereupon Plaintiff agreed to

submit an Amended Complaint contemplating issues raised by all defense counsel in conferral

with Plaintiff's attorney on or before August 24, 2022. *ECF No. 2.*

5.    On August 26, 2022, Plaintiff filed his Amended Complaint, which contained

only one substantial alteration – withdrawal of his claim against Victoria Hermann. *ECF No. 3.*

6.    On August 31, 2022, undersigned counsel again conferred with Plaintiff's counsel

regarding the issues set forth in this instant Motion to Dismiss.

## **FACTUAL BACKGROUND AS CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT[1]**

7.    This action arises out of citizen protests and subsequent riots on May 30, 2020, in

downtown Erie, Pennsylvania, which were part and parcel of broader nationwide Black Lives

Matter protests and riots in the wake of the death of George Floyd in Minneapolis, Minnesota.

*ECF No. 3,* at ¶¶s 15-16.

8.    After the peaceful protests concluded in downtown Erie on May 30, 2020, civil

unrest and rioting broke out resulting in wide-scale vandalism of property in downtown Erie, to

include but not limited to, damage to three double parking meters located on the 600 block of

State Street. *Id.* at 17.

9.    On May 31, 2020, Co-Defendant, City of Erie Police Detective Matthew

Gustafson, initiated a criminal investigation into the vandalized parking meters. *Id.* at 18.

[1] This recitation of facts includes reference to facts contained within Det. Gustafson's June 4, 2020, Affidavit of Probable Cause, which is cited by Plaintiff and affixed to his Amended Complaint as Exhibit 1.

2

10.     Detective Gustafson initially observed a social media video posted by a citizen,
Tyquan Young, from the night of May 30, 2020, recorded at or near the location of the
vandalized parking meters on the 600 block of State Street. *Id.* at ¶¶s 21-22.

11.     The Tyquan Young video did not capture the actual acts of vandalism; however, it
did contain an audible "bang" after which the person recording the video rotated the camera to
show a black male with a COVID mask over his face who was wearing a green hooded
sweatshirt and camouflage pants standing over a broken parking meter.[2]  *Id.*

12.     Det. Gustafson viewed additional surveillance in the possession of the City of
Erie Police Department, the "vice video", which depicted an individual among a large group of
peaceful protestors, who was not wearing a COVID mask over his face and who was wearing
identical clothing to the individual standing over the broken parking meter in the Tyquan Young
video. *Id.* at 23-24.

13.     Det. Gustafson circulated a still image of the individual depicted in the "vice
video" to his colleagues within the City of Erie Police Department seeking assistance to
determine if anybody may be able to identify the individual. *Id.* at 25.

14.     Co-Defendant, City of Erie Police Officer Jerry Stevens, responded to Det.
Gustafson's inquiry, indicating that he recognized and/or believed[3] the person to be Todrick
Arrington. *Id.* at 26.

15.     Approximately one week prior to the events of May 30, 2020, Plaintiff, who was
serving a sentence of probation at Erie County Criminal Dockets CP-20-CR-2878-2018 and CP-

---

[2] Plaintiff's assertion that the Tyquan Young video "does not show a damage parking meter" is not entitled to the
assumption of truth insofar as the video in question clearly contradicts this allegation. *ECF No. 7-2*, Exhibit A.
[3] Throughout Plaintiff's Amended Complaint he "cites" Det. Gustafson's Affidavit of Probable Cause; however, the
various averments do not actually contain a verbatim recitation of the facts set forth in the Affidavit. *See* ¶¶s 22, 26,
27, 28.

3

20-CR-3552-2018[4], had his probation revoked and re-imposed by the Honorable John J. Mead of the Erie County Court of Common Pleas. *Id.* at ¶13.

16.    After Officer Stevens identified Plaintiff, Det. Gustafson secured a photo of Plaintiff from Pennsylvania's Justice Network or "JNET"[5] and independently concluded that individual in the videos was Plaintiff. *Id.* at Exhibit 1.

17.    After his JNET search, Det. Gustafson contacted the Erie County Probation Department to speak with Alex Kissell, Plaintiff's assigned probation officer, to ask whether the individual depicted in the photograph was the Plaintiff; Officer Kissell identified Plaintiff and/or replied to Det. Gustafson that "he believed it was [Arrington.]" *Id.* at ¶¶s 14, 27.

18.    In addition to his independent identification of Plaintiff, Officer Kissell requested that his supervisor, Ashley Clark, review the photograph provided by Detective Gustafson to determine if she too could identify the individual; Officer Clark likewise identified the individual as Plaintiff. *Id.* at ¶28.

19.    Plaintiff alleges, that despite having been revoked and re-sentenced to a term of probation in Erie County the week prior to May 30, 2020, neither Officer Kissell nor Officer Clark had any personal "knowledge of Plaintiff's appearance" , nor were they "familiar enough with Plaintiff to identify him as the person pictured in the still photograph" provided by Det. Gustafson. *Id.* at ¶¶s 28, 31.

---

[4] This Honorable Court may take judicial notice of public court records/dockets, which are available on the The Unified Judicial System of Pennsylvania Web Portal. Furthermore, this Honorable Court may take judicial notice that Plaintiff's revocation and re-sentencing occurred subsequent to Mr. Arrington's entry of a guilty plea and sentence to Simple Assault on May 7, 2020, at Crawford County Docket CP-20-CR-839-2019.

[5] Among other services, "JNET Photo Search allows users to make a single inquiry and automatically search for photographs from both PennDOT and WebCPIN – which contains photographs from several other systems including: DOC, PBPP, county prisons and *county probation offices*." Pennsylvania Justice Network

20.     More specifically, Plaintiff asserts that since 2018 he has had a tattoo of a crown that is clearly visible on the top of his right hand/wrist and the individual depicted in the photograph circulated by Det. Gustafson does not have a tattoo in the same location. *Id.* at ¶29.

21.     Despite any apparent basis for Officer Stevens, Kissell, and Clark's identification of the Plaintiff as the alleged vandal or alternatively based upon their intentional misidentification of the Plaintiff, Det. Gustafson nonetheless swore out an Affidavit of Probable Cause on June 4, 2020, charging Plaintiff with the crimes of Riot and Criminal Mischief in relation to the vandalized parking meters. *Id.* at ¶32.

22.     The City of Erie Police Department arrested Plaintiff on or about July 2, 2020. *Id.* at ¶33.

23.     That same day, Plaintiff was committed to the Erie County Prison pursuant to the charges filed by Det. Gustafson. *Id.* at ¶34.

24.     During his commitment to the Erie County Prison, Plaintiff alleges that "at least one" unidentified corrections officer at the Erie County Prison "laughed about" circumstances giving rise to new criminal charges and basis for commitment to the facility. *Id.*

25.     At the time of arrest and throughout his commitment to the Erie County Prison and pendency of his criminal prosecution, Plaintiff alleges that he "protested his innocence, specifically indicating that he was not the person in the photograph and further, that he had an alibi witness." *Id.* at ¶35.

25.     More specifically, Plaintiff alleges that at an undisclosed time during his incarceration and awaiting trial he "produced a written alibi statement" and "photographs of his tattoo." *Id.* at ¶37.[6]

---

[6] Throughout his Amended Complaint (see also ¶¶ 40, 43, 72(c), 73(a), 83), Plaintiff asserts he obtained and produced "other exculpatory evidence" however his pleading contains insufficient factual matter articulating with

26.    With respect to Plaintiff's alibi, he alleged that "at all relevant times on May 30, 2020 and May 31, 2020" he was at a family members residence located at 628 East 24th Street with his friend, Daeojzhanae Nobel; Ms. Nobel did not officially come forward as an alibi witness in Plaintiff's case until March 25, 2021. *Id.* at ¶¶s 18, 19; (Attached hereto is a true and correct copy of Plaintiff's Notice of Alibi, marked "Exhibit A"[7]).

27.    Likewise, Plaintiff's sister, Toni Arrington, "repeatedly communicated with representatives of City of Erie and Erie County in an effort to point out the misidentification of her brother." *Id.* at ¶36.

28.    At Plaintiff's preliminary hearing, his court appointed attorney/public defender, Victoria Hermann, "ignored the statements of her client", resulting in his case to proceed to the Erie County Court of Common Pleas. *Id.* at ¶¶38, 39.

29.    Unsatisfied with Ms. Hermann's representation, Plaintiff hired a private attorney, Michael Harmon, Esquire, to represent him. *Id.* at ¶40.

30.    Attorney Harmon contacted the Erie County District Attorney's Office to inform them about the mistaken identification and alibi defense; however, prosecutors allegedly "ignored and refused to consider" his "exculpatory" evidence. *Id.* at ¶41.

31.    In fact, subsequent to the filing of Plaintiff Notice of Alibi filed on March 25, 2021, Erie County Detective Todd Manges and Assistant District Attorney Emily Downing interviewed Ms. Nobel on June 1, 2021 at the Erie County District Attorneys Office. (Attached hereto is a disk containing Ms. Noble's Alibi Witness Interview, marked "Exhibit B").[8]

---

any specificity the nature and quality of this supposed "exculpatory evidence" beyond the allegations about his tattoo and alibi defense.

[7] Exhibits A, B and C to Defendants' instant Motion to Dismiss are public records and/or undisputedly self authenticating court records and therefore may be considered by the Court in conducting its Rule 12(b)(6) analysis. *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n,* 894 F.3d 509, 526-27 (3d Cir. 2018).

[8]

32.     The Erie County District Attorney's Office offered Plaintiff a plea bargain, which he refused, and the case proceeded to trial in August 2021. *Id.* at ¶¶s 41-43.

33.     Despite no prior involvement in Plaintiff's prosecution, Assistant District Attorney (ADA) Khadija Horton presided over Plaintiff's trial, during which she informed both Plaintiff and Attorney Harmon, informally, that she was "simply doing her job." *Id.* at ¶42.

34.     A jury found Plaintiff not guilty of the crimes of Riot and Criminal Mischief on August 13, 2021. *Id.* at ¶¶s 39, 43.

35.     Despite his acquittal on August 13, 2021, Plaintiff remained committed to the Erie County Prison through August 30, 2021, pending resolution of additional criminal charges, which he incurred during his commitment on October 19, 2020. (Affixed hereto are are a true and correct copy of the Commonwealth of Pennsylvania Criminal Complaint and associated Erie County Docket Sheet, collectively marked "Exhibit C").

36.     Despite entering a guilty plea to assaultive behavior during his commitment to the facility, Plaintiff alleges that at an undisclosed time during his commitment to the facility corrections officials assigned him to a cell "with a violent and known racist criminal despite [his] pleas for his safety" which resulted in the Plaintiff "being assaulted repeatedly." *Id.* at ¶44.

37.     Finally, Plaintiff alleges that during his commitment to the Erie County Prison he "began to suffer severe physical and mental problems" and "Erie County Prison personnel" delayed treatment, specifically prescribing medication, which was then "inexplicably discontinued" by unidentified "Erie County employees with a medical basis." *Id.* at ¶45.

## PLAINTIFF'S CLAIMS

38.     At Count IV, Plaintiff asserts a "Section 1983" claim against Erie County Probation Officers Alex Kissell and Ashley Clark "in their official and individual capacities, by

7

acting under color of state law" violated his Fourth and Fourteenth Amendment rights by "falsely identifying Plaintiff as the person pictured in the photograph" and/or "providing illegal and improper witness against Plaintiff." *Id.* at ¶¶s 62-63.

39.    In sum, Plaintiff contends that Officers Kissell and Clark lacked sufficient "knowledge of the Plaintiff's appearance to confirm that the person in the still photograph [provided by Det. Gustafson] was Mr. Arrington" but nonetheless participated in and/or failed to correct the "misidentification" of Plaintiff resulting in the unlawful arrest and malicious prosecution of Plaintiff. *Id.*

40.    At Count V, Plaintiff alleges a *Monell* claim against Erie County based upon unnamed "policies, practices, customs, and usages" of the Erie County Probation Department, and its failure to train, supervise or discipline county probation officers "regarding identification of perpetrators during crime investigations, providing evidence to City of Erie Police Department for purposes of obtaining arrest warrants and properly confirming identification and evidence used against such individuals for such purposes." *Id.* at ¶¶s 66-69.

41.    At Count VI, asserts a "Section 1983" claim against ADA Emily Downing, ADA Khadija Horton, Det. Gustafson and Officer Stevens for malicious prosecution. *Id.* at ¶73.

42.    Plaintiff asserts that ADAs Downing and Horton acted "beyond their advocacy functions" and in an "investigative and administrative" capacity which was "not integral to the judicial process" by "leaking inaccurate, untrue, and unfavorable information about Plaintiff to the media including the Erie Times News"[9], "fabricating evidence prior indictment and/or tacitly

---

[9] Plaintiff does attach nor even describe with any specificity the information allegedly "leaked" by prosecutors in this case. A search of the Erie Times News webpage reveals a single article containing reference to "Todrick W. Arrington Jr." June 4, 2020, Erie Times News Article "More charged in Erie Riots as Police pledge review" This article merely references facts contained within Det. Gustafson's Affidavit of Probable Cause.

8

consenting to the use of such evidence", "withholding and/or knowingly ignoring exculpatory evidence" and "intentionally withholding information from the Court." *Id.* at ¶¶s 72-73.

43.     At Count VII, Plaintiff alleges a *Monell* claim against Erie County based upon unnamed "policies, practices, customs, and usages" of the Erie County District Attorney's Office, and its failure to train, supervise or discipline assistant district attorneys "regarding proper procedure in handling exculpatory evidence, determining whether to pursue prosecution, understanding and evaluation sufficiency of evidence against criminal defendant, [and] exhibiting truth and candor to the Court and its officials." *Id.* at ¶¶s 76-77.

44.     At Count IIIV (sic), Plaintiff alleges a conspiracy amongst all named Defendants, asserting that they "expressly or tacitly agreed to act in concert" to:

> a.     "Targeting or singling out Plaintiff to frame for a crime;
>
> b.     Intentionally creating, misinterpreting and misusing available evidence in order to falsely accuse Plaintiff of a crime;
>
> c.     Actively or passively agreeing in the identification of Plaintiff as the perpetrator of a crime and as the individual pictured in the video tape;
>
> d.     Knowingly using or assenting to the use of information which was misleading or false when there was no evidence of the Plaintiff's wrongdoing and insufficient evidence to support a warrant for arrest;
>
> e.     Participating in manufacturing and creating evidence to support the issuance of an arrest warrant for Plaintiff with knowledge that this constituted a misrepresentation to a court of law;
>
> f.     Allowing Plaintiff to be arrested and detained without sufficient evidence of his involvement in the alleged crime;
>
> g.     Maintaining and continuing imprisonment and incarceration of the Plaintiff for over one year while he awaited trial for a crime that Defendants knew that he did not commit;
>
> h.     Pursuing prosecution and trial against Plaintiff despite knowing that he did not commit the crime for which he was being prosecuted; and

i.   Withholding or concealing evidence that would have exonerated Plaintiff and lead to his release from prison." *Id.,* at ¶¶s 82-85.

45.   Finally, Count IX contains two claims against Erie County and "John Doe Prison Personnel" under *Monell* and the Fourteenth Amendment; Plaintiff's Fourteenth Amendment claim(s) are based upon deliberate indifference to a serious mental health needs (¶90(c)), cruel and unusual punishment (¶s 90(b), (d), (f), (g)), failure to protect (¶90(a)), and equal protection (¶90(f)).

46.   The *Monell* claim against Erie County contained within Count IX is based upon unnamed "policies or customs" of the Erie County Prison, and its failure to properly hire, train, and control its employees "such that they would not act in a manner deliberate indifference (sic) to the Plaintiff's health and safety or otherwise violate the Plaintiff's constitutional rights as set forth under 14th amendment (sic)." *Id.* at ¶¶s 92-93.

## BASIS FOR DISMISSAL OF PLAINTIFF'S CLAIMS

47.   Moving Defendants are entitled to dismissal of the claims raised by the Plaintiff for the following reasons:

> a.  Plaintiff's official capacity claims against Kissell, Clark, Downing, and Horton are redundant of his claims against Erie County;
>
> b.  Plaintiff has failed to state a cognizable claim or cause of action against Alex Kissell and Ashley Clark because he has not alleged that they acted "under the color law" nor established their personal involvement for violation of clearly established right;
>
> c.  Alex Kissell and Ashley Clark are otherwise entitled to Qualified Immunity;
>
> d.  ADA Emily Downing and ADA Khadija Horton are entitled to prosecutorial immunity or in alternative, a more definite statement;
>
> e.  Plaintiff's Amended Complaint fails to state a *Monell* claim against Erie County;
>
> f.  Plaintiff's conspiracy claim is insufficiently specific;

48.     Because Plaintiff has already amended his Complaint once, further amendment of

Plaintiff's Complaint should be deemed futile and not permitted.

WHEREFORE, the Defendants, Alex Kissell, Ashley Clark, Emily Downing, Khadija

Horton and Erie County, respectfully request an Order from this Honorable Court granting their

Motion to Dismiss dismiss Plaintiff's claims against them, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

By: _____
        G. Michael Garcia II, Esquire
        PA ID #311594
        717 State Street - Suite 701
        Erie, PA  16501
        (814) 480-7807

LEGAL/148471445.v1

11

**IN THE UNITED STATES COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TODRICK W. ARRINGTON, JR.,

          Plaintiff

          v.

CITY OF ERIE; MATTHEW J.
GUSTAFSON; JERRY STEVENS; ERIE
COUNTY; ALEX KISSELL; ASHLEY
CLARK; EMILY DOWNING;
KHADIJA HORTON; JOHN DOES
(ERIE COUNTY PRISON
PERSONNEL); VICTORIA HERMANN,

          Defendants

NO.  1:22-CV-226

JURY TRIAL DEMANDED

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Rule 12

Motion to Dismiss has been served upon the following known counsel of record this _16th_

day of September, 2022, via electronic mail and/or United States First-Class Mail, postage

prepaid:

Peter A. Pentz, Esquire
Pentz Law
2409 State Street
Suite A
Erie, PA  16503
*Attorney for Plaintiff*

Patrick M. Carey, Esquire
MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN
717 State Street, Suite 701
Erie, PA  16501
*Attorney for City of Erie Defendants*


_____
G. Michael Garcia II, Esquire

**IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TODRICK W. ARRINGTON, JR.,

      Plaintiff

      v.

CITY OF ERIE; MATTHEW J.
GUSTAFSON; JERRY STEVENS; ERIE
COUNTY; ALEX KISSELL; ASHLEY
CLARK; EMILY DOWNING;
KHADIJA HORTON; JOHN DOES
(ERIE COUNTY PRISON
PERSONNEL); VICTORIA HERMANN,

      Defendants

NO.  1:22-CV-226

JURY TRIAL DEMANDED

## CERTIFICATE OF CONFERRAL

I, G. Michael Garcia II, Esquire, counsel for Defendants Alex Kissell, Ashley Clark, Emily Downing, Khadija Horton and Erie County, hereby certify that, in accordance with the Court's Chambers Rules, I conferred with the Plaintiff's attorney, Peter Pentz, Esquire, regarding the issues set forth in the instant Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By_____
      G. Michael Garcia II, Esquire
      717 State Street, Suite 701
      Erie, PA  16501
      (814) 480-7807